**Carol Ann CULVER,
Plaintiff–Appellant,**

v.

**The TOWN OF TORRINGTON, WYOMING and Officer Gary Webster,
Defendants–Appellees.**

No. 89–8082.

United States Court of Appeals,
Tenth Circuit.

April 16, 1991.

George Santini, of Graves, Santini & Villemez, P.C., Cheyenne, Wyoming, for plaintiff-appellant.

William Mather McKellar and Lloyd E. Smith, of Lathrop, Rutledge & Boley, P.C., Cheyenne, Wyo., for defendant-appellee Gary Webster.

Alan B. Minier, of Hirst & Applegate, P.C., Cheyenne, Wyo., for defendant-appellee The Town of Torrington.

Before LOGAN and MOORE, Circuit Judges, and GREENE, District Judge.*

GREENE, District Judge.

Appellant Carol Ann Culver appeals from the district court's order granting appellees' Motion for Summary Judgment dismissing her Section 1983 claim of use of excessive force while she was in a jail cell in a post-arrest pre-trial detention setting.

## FACTUAL BACKGROUND

On July 9, 1987, following reports that appellant Carol Ann Culver was drunk and threatening to harm herself, officers including appellee Gary Webster went to appellant's home, determined that she was a threat to herself and the community and pursuant to Wyoming's involuntary mental

---

* The Honorable J. Thomas Greene, Judge, United States District Court for the District of Utah, sitting by designation.

health hold statute,[1] took her into police custody and transported her to the Goshen County Jail. Appellant originally alleged that Webster used excessive force when placing her in custody, while in the booking area of the jail, and during a search of her person at her jail cell. This appeal involves only appellant's claim of the use of excessive force at the jail cell.[2]

After placing appellant in a jail cell following her arrest, police officers were contacted by her mental health counselor who notified them that she may have prescription drugs in her possession which she might ingest in an attempt to harm herself. Based on this information, Webster and two other jail personnel searched the appellant while she was in the jail cell. The search was conducted by having appellant stand against the bars of the cell while a deputy and Webster pulled appellant's arms straight forward through the cell bars so that a matron could perform a pat down search to ascertain whether she had any contraband or prescription drugs. Appellant alleges that Webster used excessive force during the course of this search, causing severe bruises. It is uncontroverted that the next morning appellant had bruises on her arms and legs, and jail personnel photographed the bruises.

## ANALYSIS

### Standards for Summary Judgment

Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure. The moving party has the initial burden to show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). If the moving party meets its burden, the burden shifts to the non-moving party to show that there is a genuine issue of material fact. The non-moving party "may not rest upon the mere allegations or denials of his pleadings." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). On review of the record all facts must be considered in the light most favorable to the non-moving party, *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552, but summary judgment is mandated if after adequate time for discovery a party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which the party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

### Failure to Conduct Adequate Discovery

■ Appellant asserts that summary judgment was inappropriate because she lacked adequate opportunity for discovery prior to the hearing on the Motion for Summary Judgment. In this regard, appellant's attorney filed an affidavit pursuant to Rule 56(f) Federal Rules of Civil Procedure,[3] but it was insufficient to justify a continuance under *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533 (10th Cir.1987). In that case we held that "[t]he non-moving party has the burden of showing by affidavit how additional time will enable him to

1. § 25–10–109, Wyo.Cr.Code, provides:
    (a) When a law enforcement officer or examiner has reasonable cause to believe a person is mentally ill pursuant to W.S. 25–10–101, the person may be detained.

2. Originally this matter was brought before the Magistrate on Cross Motions for Summary Judgment. The Magistrate denied plaintiff's motion and granted defendants' motion in all respects except as to the claim of use of excessive force in the *booking* area. The Magistrate's ruling was affirmed by the district court. The parties then stipulated to dismissal of all claims with prejudice on the agreement that appeal could be taken on plaintiff's claim of alleged use

of excessive force in the search of her person at the *jail cell.*

3. Rule 56(f) provides:
    When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
    *See Dreiling v. Peugeot Motors of America, Inc.*, 850 F.2d 1373 (10th Cir.1988).

rebut the movant's allegations." 816 F.2d at 537. Appellant has failed to make a showing that additional time would have enabled her to rebut movant's allegations of no genuine issue of material fact concerning use of excessive force at the jail cell.[4] *See also Bryant v. O'Connor*, 848 F.2d 1064 (10th Cir.1988).

Appellant failed to conduct any discovery after the motion for summary judgment was filed on January 10, 1989, even though appellant had not otherwise completed her discovery and was not required to respond until May 5, 1989. The trial court ruled that this was sufficient time to complete discovery. We agree.

### Claim of Negligent Hiring by the Town of Torrington

■ Appellant alleged that the Town of Torrington had a policy of encouraging excessive force, or that it was negligent in hiring, retaining and failing to discipline Officer Webster even though he had a history of use of excessive force. These allegations are wholly unsupported by affidavits or evidence in the record. Appellant argues that allegations were sufficient without supporting evidence, because the Town of Torrington had failed to present evidence or affidavits to negate the allegations of negligent hiring, relying upon *Nichols v. U.S.*, 796 F.2d 361, 365 (10th Cir.1986):

> ... if the movant fails to carry its burden under Rule 56 and its documents do not establish the absence of a genuine issue of fact, summary judgment must be denied, even if no opposing evidentiary matter is presented (citations omitted).

Appellant's reliance on *Nichols* is misplaced because of the complete absence of any evidence supporting her allegations as to use of excessive force—a matter on which appellant bears the burden of proof.

The Magistrate reviewed the record and found no evidence to support appellant's allegations, but did find sufficient evidence that the Town of Torrington had denied the existence of any policy condoning excessive force or that Officer Webster had a history of the use of excessive force. The trial court also found insufficient facts in the record to allow a jury to conclude in plaintiff's favor on that issue. In these circumstances the Supreme Court has stated:

> "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof."

*Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53. *See also, Lake Hefner Open Space Alliance v. Dole*, 871 F.2d 943 (10th Cir.1989). In the case at bar appellant has failed to make even a minimal factual showing on the essential issue on which she bears the burden of proof and which appellee Town of Torrington has denied, i.e., that there was a policy or practice of the City condoning the use of excessive force by a police officer, or that there was a history or background of use of excessive force by Officer Webster.

### Claim of Excessive Force by Officer Webster

Unquestionably, individuals have the right to be free from the use of excessive force by governmental officers when being detained. *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). However, not all force used by governmental officers rises to the level of a constitutional violation since the use of excessive force must be established. *Martinez v.*

---

**4.** The affidavit of appellant's counsel dated May 19, 1989 stated:

> 3. Discovery in this case has been hampered by the inability to obtain copies of Defendant Webster's personnel file and other pertinent discovery materials.
> 4. I believe that additional discovery in this case, including the testimony of John O'Leary,

attorney at law and expert in police procedures, would disclose that the amount of force used in taking Plaintiff into detention was, in his opinion, excessive. It would further disclose that the manner in which Plaintiff was searched was improper and that the officers failed to follow proper police procedures in their treatment of Plaintiff.

*California,* 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1980). *See also, Meade v. Grubbs,* 841 F.2d 1512 (10th Cir. 1988).

In determining whether a § 1983 claim involving excessive force by law enforcement officers has been stated the court must apply a constitutional standard. Three alternative constitutional standards have been utilized: 1) the Eighth Amendment's ban on cruel and unusual punishment;[5] 2) the Fourth Amendment standard of "objective reasonableness";[6] and 3) the Fourteenth Amendment substantive due process standard which protects against use of excessive force that amounts to punishment.[7]

The Supreme Court has stated that the practice of applying the Fourteenth Amendment standard to all § 1983 excessive force claims is inappropriate,[8] holding that a "free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other 'seizure' of his person is subject to the Fourth Amendment's 'objective reasonableness' standard." *Graham v. Connor* 490 U.S. at 388, 109 S.Ct.

at 1867. *See also Ross v. Neff,* 905 F.2d 1349 (10th Cir.1990).

The trial court did not state which standard it was applying, but this court need not determine whether to apply the Fourteenth or Fourth Amendment standard since there is no practical difference in the application of the two standards in this case.[9] Appellant argues that a question of fact is presented as to whether the search was "objectively reasonable" under the Fourth Amendment *or* intended as a form of punishment under the Fourteenth Amendment. Appellees on the other hand argue that summary judgment should be granted because appellant has failed to make a sufficient factual showing under either standard. Appellees made a sufficient showing to establish that the search in appellant's jail cell was not intended as excessive force to punish appellant within the meaning of the Fourteenth Amendment, but rather was intended to meet the legitimate governmental interest of ensuring that appellant was not in possession of contraband or any means by which to hurt herself. Appellant failed to present evidence in rebuttal. Similarly, the unrebutted showing by appellees was sufficient to

**5.** *Whitley v. Albers,* 475 U.S. 312, 318–326, 106 S.Ct. 1078, 1083–1088, 89 L.Ed.2d 251 (1986). The Eighth Amendment standard does not apply in this case because the alleged use of force did not "follow a determination of guilt after a trial or plea ..." *Berry v. City of Muskogee,* 900 F.2d 1489, 1493 (10th Cir.1990), citing *Bell v. Wolfish,* 441 U.S. 520, 536 n. 17, 99 S.Ct. 1861, 1872 n. 17, 60 L.Ed.2d 447 (1979).

**6.** The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.
... The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.
*Graham v. Connor,* 490 U.S. 386, 396, 109 S.Ct. 1865, 1872, 104 L.Ed.2d 443 (1989). *See also, Zuchel v. Spinharney,* 890 F.2d 273 (10th Cir. 1989).

**7.** "It is clear, however, that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment."

*Graham v. Connor,* 490 U.S. 386, 395 n. 10, 109 S.Ct. 1865, 1871 n. 10, 104 L.Ed.2d 443 (1989).

**8.** The court said:
In the years following *Johnson v. Glick,* (481 F.2d 1028 (2nd Cir.), cert. denied, 414 U.S. 1033 [94 S.Ct. 462, 38 L.Ed.2d 324] (1973)) the vast majority of lower federal courts have applied its four-part "substantive due process" test indiscriminately to all excessive force claims lodged against law enforcement and prison officials under § 1983, without considering whether the particular application of force might implicate a more specific constitutional right governed by a different standard ...
We reject this notion that all excessive force claims brought under § 1983 are governed by a single generic standard.... § 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan,* 443 U.S. 137, 144, n. 3 [99 S.Ct. 2689, 2694 n. 3, 61 L.Ed.2d 433] (1979).
*Graham v. Connor,* 490 U.S. at 393, 109 S.Ct. at 1870.

**9.** There is no dispute between the parties as to which constitutional standard applies.

establish that Officer Webster's actions, though unorthodox, did meet the "objective reasonableness" standard of the Fourth Amendment. We agree with the trial court that appellant had failed to carry her burden as to an essential element of her case.

Appellant next argues that demonstration of the severity of the injury constituted sufficient evidence to preclude summary judgment. *Byrd v. Clark*, 783 F.2d 1002, 1006 (11th Cir.1986). It is not disputed that appellant had injuries and that those injuries may have resulted from excessive force. However, the only evidence appellant presented was that the appellant had bruises. There was no evidence as to where or how the bruises occurred or more specifically, that the bruises were a result of the search of the appellant in the jail cell. It is difficult to surmise how the bruises on her legs could have resulted from her arms being pulled through the bars at the jail. Further, the evidence was insufficient to show that the force used was not reasonable under the circumstances. Thus, we affirm the trial court's ruling that there was insufficient evidence to create a genuine issue of material fact, and hold that entry of summary judgment was appropriate.

### Motion to file a Second Amended Complaint

Two weeks before trial appellant filed a motion for leave to file an amended complaint naming Goshen County. The trial court denied the motion. Appellant has not argued this issue in her brief on appeal, so it may be considered to be waived. *Bledsoe v. Garcia*, 742 F.2d 1237 (10th Cir. 1984). It was clear from the outset that Goshen County as operator of the jail could have been a named defendant. Denial of a motion to amend is in the sound discretion of the trial court. *Federal Insurance Company v. Gates Learjet Corporation*, 823 F.2d 383 (10th Cir.1987).

Based upon the foregoing, the judgment of the trial court is AFFIRMED.