**Donald FROHMADER, Plaintiff,**

v.

**Deputy D. WAYNE, Defendant.**

**Civ. A. No. 88–S–1225.**

United States District Court,
D. Colorado.

June 7, 1991.

Manuel M. Weiss, Colorado Springs, Colo., for plaintiff.

Phillip A. Vaglica, Ann A. Maenpaa, County Attorney's Office, Colorado Springs, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

SPARR, District Judge.

THIS MATTER comes before the Court on Defendant Wayne's Motion for Separate Trials, Defendant's Objections to Proposed Findings and Recommendations of United States Magistrate Judge, and Plaintiff's Objection to Recommendations of the United States Magistrate Judge.

Frohmader's First Claim for Relief asserts one federal claim under 42 U.S.C. § 1983 against Defendant Wayne individually for deprivation of Frohmader's Eighth and Fourteenth Amendment rights by Wayne's alleged use of excessive force and alleged deliberate indifference to Frohmader's serious medical needs. Frohmader's Second, Third, and Fifth Claims for Relief assert pendent state law claims for assault and battery, outrageous conduct, and negligence. Frohmader's Fourth Claim for Relief was previously dismissed.

Defendant Wayne filed a Motion for Summary Judgment on August 9, 1990. Pursuant to Rule 603 of the Local Rules of Practice of the United States District Court

for the District of Colorado, Wayne's Motion for Summary Judgment was referred to United States Magistrate Judge Richard M. Borchers. On April 4, 1991, Magistrate Borchers filed a Recommendation of United States Magistrate Judge, in which he recommended that Wayne's Motion for Summary Judgment be denied except that: (a) all claims that Wayne acted within his official capacity be dismissed; (b) any references to the Eighth Amendment be dismissed; (c) any claim that Wayne denied Frohmader access to counsel be dismissed; (d) any claims alleging negligence, including pendent claims, be dismissed. Wayne filed his Objections to the Recommendation on April 12, 1991 and Frohmader filed his Objection to the Recommendation on April 15, 1991.

■ The Court is required to make a *de novo* determination of those portions of the Magistrate's proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1). The Court has reviewed *de novo* Defendant Wayne's Motion for Summary Judgment, Frohmader's Response, Wayne's Reply, Frohmader's additional Reply Brief, Wayne's Response, Frohmader's Reply, the Recommendation of United States Magistrate Judge, Wayne's Objections, Frohmader's Objection, the applicable law, has heard the arguments of counsel, and is fully advised in the premises.

Because the Court believes its treatment of Wayne's Objections will be dispositive, it addresses Wayne's Objections first. Defendant Wayne objects to: (1) the Magistrate's failure to address the issue of qualified immunity; (2) the Magistrate's failure to apply the correct standard for summary judgment under federal law; (3) the Magistrate's analysis of Frohmader's excessive force claim; (4) the Magistrate's analysis of Frohmader's claim for deliberate indifference to his serious medical needs; and (5) the Magistrate's failure to dismiss Frohmader's pendent state law claims. Frohmader concedes that the Magistrate failed to address the issue of qualified immunity, but contests the remainder of Wayne's objections.

I. *The Standard for Summary Judgment*

The standard for ruling on summary judgment motions is set forth in Federal Rule of Civil Procedure 56(e). Fed.R.Civ.P. 56 provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denial of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party.

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lucas v. Mountain States Telephone & Telegraph*, 909 F.2d 419, 420 (10th Cir.1990); *Martin v. Board of County Com'rs of Pueblo County*, 909 F.2d 402, 404 (10th Cir.1990).

The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing that is sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The non-movant must come forward with specific facts showing a genuine issue for trial. *Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The mere existence of some alleged factual dispute will not defeat a properly supported motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2510–11.

II. *Frohmader's Claim of Excessive Force by Deputy Wayne*

Section 1983 individual capacity lawsuits seek to impose personal liability upon a government official for actions he takes under color of state law. To establish individual liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Individuals have the right to be free from the use of excessive force by governmental officers when being detained. *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

Frohmader was booked in at the El Paso County Jail at approximately 9:50 p.m. on August 4, 1987. During the process of being booked in, Frohmader was progressively restrained in handcuffs, a "belly belt" with handcuffs, and full restraints, including a football helmet on his head because he had attempted to pound his head against the wall in the holding cell. In the first part of his § 1983 claim, Frohmader alleges that he was beaten by Wayne while being restrained.

A. Not all force used by governmental officers rises to the level of a constitutional violation since the use of excessive force must be established. *Culver v. Town of Torrington*, 930 F.2d 1456, 1459 (10th Cir. 1991). In determining whether a § 1983 claim involving the use of excessive force by law enforcement officers has been stated, the court must apply a constitutional standard. Three alternative standards have been applied: (1) the Eighth Amendment prohibition against cruel and unusual punishment; (2) the Fourth Amendment standard of objective reasonableness; and (3) the Fourteenth Amendment substantive due process standard. *Culver*, 930 F.2d at 1460.

■ B. In this case, the Eighth Amendment's prohibition against cruel and unusual punishment does not apply because Frohmader was held as a pretrial detainee prior to an adjudication of guilt. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979); *Hewitt v. City of Truth or Consequences*, 758 F.2d 1375, 1377 n. 2 (10th Cir.1985), *cert. denied*, 474 U.S. 844, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985). Neither does the Fourth Amendment standard of objective reasonableness apply because Frohmader was not a free citizen at the time the alleged use of excessive force occurred. The use of excessive force may, however, constitute a Fourteenth Amendment deprivation of life or liberty without due process. *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir.1985); *Hewitt*, 758 F.2d at 1379. At the time the alleged use of excessive force occurred in this case, the Tenth Circuit examined claims of excessive use of force under a substantive due process standard. *Trujillo v. Goodman*, 825 F.2d 1453, 1457 (10th Cir.1987); *Hewitt*, 758 F.2d at 1378–79; *Wise v. Bravo*, 666 F.2d 1328, 1333–34 (10th Cir.1981). Frohmader must therefore show that Wayne's actions constituted an excessive use of force under the substantive due process standard.

■ C. Under the substantive due process standard, the factors relevant to whether the use of force is excessive are: (1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the government officer. *Hannula v. City of Lakewood*, 907 F.2d 129, 131–32 (10th Cir.1990); *Trujillo*, 825 F.2d at 1458; *Hewitt*, 758 F.2d at 1379; *Wise*, 666 F.2d at 1333–34.

■ D. Wayne's evidence indicates that when Frohmader was brought to the booking area and put in the holding cell he was extremely agitated, demanding to be released, hitting and kicking the walls of his cell, and banging the cell door with his head and chest. (Exhibits B, C, D, and E to Defendant's Motion for Summary Judgment). The evidence further indicates that Wayne was concerned that Frohmader would hurt himself, so Wayne restrained Frohmader first with a belly belt and handcuffs and later with full restraints and a football helmet to protect Frohmader from injury. Wayne's evidence also shows that

an Emergency Medical Technician (EMT) checked the restraints and approved them. (Exhibit C to Defendant's Motion for Summary Judgment).

Frohmader does not present sufficient evidence to establish that the restraints alone amounted to the use of excessive force or to show that the amount of force used exceeded the need presented. Frohmader's allegation of excessive force is based only on his own conclusory allegations that he was "hit", "kicked", "beaten", and "tortured all night long." (Exhibit 2 to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment). Yet, Frohmader admits in his deposition that he was not hit. (Exhibit 2 to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment at pp. 50–51).

In addition, the evidence of Frohmader's injuries is minimal. Beyond his own self-serving statements to various medical and mental health personnel, Frohmader has no evidence of injury from any kicking, beating, or torture.

Frohmader's allegations of injury are also based on the length of time that he was restrained. (Exhibits 5, 6, 7, 8, 9, and 10 to Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment). However, Wayne's duties and responsibilities in the jail on August 4, 1987 ended at the conclusion of his shift at 2300 hours (11:00 p.m.). Upon concluding his shift, Wayne was no longer acting under color of state law for the purposes of § 1983 liability. Therefore, Wayne cannot be held liable for any injury to Frohmader that occurred after 11:00 p.m. Frohmader was fully restrained at approximately 10:30 p.m. Frohmader has made no showing that his injuries from the restraints were caused during the time period between 10:30 p.m. and 11:00 p.m.

Neither has Frohmader come forward with sufficient evidence to refute that Wayne's motive was to protect Frohmader from injuring himself. Frohmader points to no evidence showing malice by Wayne.

After considering all these factors, the Court concludes that there is insufficient evidence to create a genuine issue of mate-rial fact and that summary judgment on the first part of Frohmader's First Claim for Relief is appropriate. And, as further explained below, even if Frohmader had come forward with specific facts to support his allegations, the Court concludes that Wayne is entitled to qualified immunity.

### III. *The Affirmative Defense of Qualified Immunity*

The affirmative defense of qualified immunity is available to government officials in actions brought pursuant to Section 1983. *Gomez v. Toledo*, 446 U.S. 635, 639, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980). A government official is entitled to immunity from liability if the official's conduct as alleged in the complaint did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Hannula*, 907 F.2d at 131; *Rozek v. Topolnicki*, 865 F.2d 1154, 1157 (10th Cir.1989); *Pueblo Neighborhood Health Centers v. Losavio*, 847 F.2d 642, 645 (10th Cir.1988). It is undisputed that the Magistrate Judge's Recommendation failed to address the issue of qualified immunity raised in Wayne's Motion for Summary Judgment.

■ A. Summary judgment where a qualified immunity defense has been raised is reviewed somewhat differently than other summary judgment rulings. *Hannula*, 907 F.2d at 130. Once a defendant raises a qualified immunity defense, the plaintiff assumes the burden of showing that the defendant has violated clearly established law. *Hannula*, 907 F.2d at 131. A plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. *Anderson v. Creighton*, 483 U.S. 635, 640, n. 2, 107 S.Ct. 3034, 3039, n. 2, 97 L.Ed.2d 523 (1987); *Hannula*, 907 F.2d at 131; *Pueblo Neighborhood*, 847 F.2d at 645. The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited. *Hannula*, 907 F.2d at 131.

■ B. To determine whether the law the defendant allegedly violated was clearly established, the court looks at the state of the law at the time of the defendant's actions. *Hannula,* 907 F.2d at 131; *Pueblo Neighborhood,* 847 F.2d at 645. If the plaintiff fails to meet the burden of showing how a defendant violated a clearly established right, the court must prevent the plaintiff from subjecting government officials to trial. *Hannula,* 907 F.2d at 131. If the plaintiff meets the burden of showing how the defendant violated a clearly established right, the defendant then bears the normal burden of a movant for summary judgment of demonstrating that no material facts remain in dispute. *Hannula,* 907 F.2d at 131. Unless the essentially legal question of whether the defendant's conduct violated clearly established law can be resolved affirmatively, the action should be dismissed. *Mitchell v. Forsyth,* 472 U.S. 511, 526, 105 S.Ct. 2806, 2815–16, 86 L.Ed.2d 411 (1985); *Wolfenbarger v. Williams,* 826 F.2d 930, 932 (10th Cir.1987).

■ C. Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action turns on the objective reasonableness of the action. *Anderson,* 483 U.S. at 639, 107 S.Ct. at 3038–39; *Harlow,* 457 U.S. at 819, 102 S.Ct. at 2738–39. The questions of what the current applicable law is, whether that law was clearly established at the time the official's action occurred, and whether the official's acts were objectively reasonable are questions of law for the court to determine. *England v. Hendricks,* 880 F.2d 281, 283–84 (10th Cir. 1989), *cert. denied* — U.S. ——, 110 S.Ct. 1130, 107 L.Ed.2d 1036 (1990). The question of whether the official acted in an objectively reasonable manner is one to be resolved by the court. *Mitchell,* 472 U.S. at 528, 105 S.Ct. at 2816–17. If material factual disputes exist with regard to the actions of the official, summary judgment on the basis of qualified immunity is not proper. *DeVargas v. Mason & Hanger–Silas Mason Co.,* 844 F.2d 714, 718–20 (10th Cir.1988).

■ D. In determining whether Wayne crossed the constitutional line that would render his conduct actionable under § 1983, the Court must inquire into the amount of force used in relation to the need presented, the extent of the injury inflicted, and the motives of the officer. If the officer's action caused severe injuries, was grossly disproportionate to the need for action under the circumstances, and was inspired by malice rather than merely carelessness or unwise, excessive zeal amounting to an abuse of official power that shocks the conscience, it may be redressed under § 1983. *Wise,* 666 F.2d at 1333–34.

Here, the evidence indicates that Wayne was concerned about Frohmader harming himself, that the force used to restrain Frohmader was reasonable under the circumstances, that an EMT checked the restraints, and that the injuries, if any, were minimal. There are conclusory allegations but there is no evidence that Wayne was inspired by malice.

The principles of qualified immunity entitle Wayne to summary judgment on the ground that, in light of the clearly established law governing the use of force, he could, as a matter of law, reasonably have believed that his use of force to restrain Frohmader was lawful. *See Anderson,* 483 U.S. at 641, 107 S.Ct. at 3039–40.

IV. *Frohmader's Claim of Deliberate Indifference to his Medical Needs*

The second part of Frohmader's § 1983 claim alleges that Wayne was deliberately indifferent to Frohmader's serious medical needs. Frohmader alleges that he suffered an anxiety attack when he was placed inside the cell because he was both claustrophobic and agoraphobic. He alleges that he gave Wayne the business cards of two mental health professionals, Annemarie Infantino Murphy, Ph.D. and Bruce H. Peters, M.D. Frohmader argues that Wayne should have contacted Frohmader's personal mental health providers and that the failure to do so constitutes a denial of emergency medical care in violation of his

constitutional rights under the Eighth Amendment.

■ A. In order to state a cognizable claim under the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). The state has a constitutional obligation to make available to inmates a level of medical care which is reasonably designed to meet the routine and emergency health care needs of inmates. *Ramos v. Lamm*, 639 F.2d 559, 574 (10th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981).

■ B. Although the Eighth Amendment does not apply until after an adjudication of guilt, pretrial detainees are entitled under the Fourteenth Amendment's due process clause to the same degree of protection against denial of medical attention which applies to convicted inmates under the Eighth Amendment. Thus, it is proper to apply a due process standard under the *Estelle* test which protects pretrial detainees from deliberate indifference to their serious medical needs. *Martin*, 909 F.2d at 406; *Sawyer v. County of Creek*, 908 F.2d 663, 666 (10th Cir.1990); *Garcia*, 768 F.2d at 307.

■ C. The two-pronged *Estelle* standard requires deliberate indifference on the part of prison officials and it requires the prisoner's medical needs to be serious. *Ramos*, 639 F.2d at 575. A medical need is serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Ramos*, 639 F.2d at 575. Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical personnel capable of evaluating the need for treatment. *Ramos*, 639 F.2d at 575. The Constitution does not guarantee a prisoner the medical treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988). Moreover, mere delay in getting a prisoner to medical treatment does not rise to the level of a constitutional violation. *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir.1987).

■ D. Wayne's evidence indicates that, although Wayne did not attempt to call Frohmader's personal mental health providers that night, he did call the jail's EMT to check the physical restraints twice. Wayne also instructed the EMT to call the jail's on-call mental health professional, Margaret Severson. Ms. Severson received that call between 10:00 and 11:00 that night. She did not consider her intervention to be necessary that night, so she saw Frohmader the next morning. (Exhibits C, D, and L to Defendant's Motion for Summary Judgment). Frohmader was not prevented from receiving any recommended treatment, nor was he denied access to medical personnel capable of evaluating the need for treatment.

Although Frohmader asserts that Wayne had a duty to contact Frohmader's personal mental health providers, the evidence indicates that had Wayne called Dr. Murphy and Dr. Kroner, they would not have confirmed a diagnosis of claustrophobia or agoraphobia that mandated any treatment. (Exhibits F and G to Defendant's Motion for Summary Judgment). The only evidence that Frohmader presents in opposition to Wayne's motion for summary judgment on this issue is that Wayne commented "fucking psychiatrists" when Frohmader handed Wayne the business cards. Frohmader has not demonstrated that his medical need was serious.

Contrary to the Magistrate Judge's Recommendation, the Court concludes that Frohmader's conclusory allegations of denial of medical care do not create a genuine issue for trial. Under the *Estelle* standard of deliberate indifference to serious medical needs, Frohmader can establish neither that his medical need was serious nor that Wayne was deliberately indifferent. Therefore, Wayne is entitled to summary judgment on the second part of Frohmader's First Claim for Relief.

■ E. To defeat Wayne's qualified immunity defense to this part of Frohmad-

er's claim, Frohmader must demonstrate that Wayne exhibited deliberate indifference to Frohmader's serious medical needs. Because Frohmader cannot show that Wayne violated Frohmader's substantive due process right to medical attention by deliberate indifference to his serious medical needs, Wayne is entitled to qualified immunity.

V. *Frohmader's Pendent State Claims*

If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Frohmader's pendent state claims, the Second, Third, and Fifth Claims for Relief, should be dismissed.

Accordingly, for the reasons stated in this Order:

1. The Recommendation of United States Magistrate Judge is REJECTED and Defendant Wayne's Motion for Summary Judgment is GRANTED.

2. The Plaintiff's First Claim for Relief under 42 U.S.C. § 1983 is DISMISSED.

3. The Plaintiff's Second, Third, and Fifth Claims for Relief are DISMISSED.

4. The Defendant's Motion for Separate Trials is DENIED as moot.

5. This civil action is DISMISSED.