5 F.3d 546
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rose W. KLICK, formerly known as Rose W. Casados, Plaintiff-Appellant,
v.
HERCULES, INC., Defendant-Appellee.
 No. 92-4060.
 United States Court of Appeals, Tenth Circuit.
 Aug. 19, 1993.
 
 Before McKAY, Chief Judge, SETH, and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Rose Klick appeals the district court's memorandum decision and order, granting summary judgment in favor of defendant Hercules, Incorporated, and the district court's order denying her motion for additional time to conduct discovery. On appeal, plaintiff claims that (1) she is a "handicapped employee" under the protection of the Rehabilitation Act of 1973;[1] (2) Hercules is an "employer" as defined by the Rehabilitation Act of 1973; and (3) the district court erred in denying her additional time to conduct discovery.
 
 FACTS
 
 3
 The underlying facts of this case are undisputed. Plaintiff, an employee of Hercules since 1977, was terminated on March 6, 1989. In 1985, plaintiff sustained a right foot injury while on the job and was placed on disability leave while she underwent a series of corrective surgeries. In July 1987, plaintiff's position as a "second operator" in Hercules' manufacturing final assembly area was eliminated and plaintiff was given the opportunity to take another position by signing a "bumping notice" displacing a lower seniority employee. Plaintiff chose a position as "junior second operator" in the transportation department.
 
 
 4
 From September 1987 to June 1988, plaintiff again was placed on disability leave in order to have more corrective surgery. When plaintiff returned to work on June 20, 1988, her "bumping notice" took effect, and she was employed in the position in the transportation department even though she was aware that the position might not be compatible with the restrictions of her foot injury. It appears that plaintiff worked only until July 7, 1988, when she again took disability leave. Plaintiff never returned to work and was ultimately terminated on March 6, 1989.
 
 
 5
 Plaintiff initially grieved her termination through union procedures. Hercules denied plaintiff's grievance, maintaining that it had followed the union agreement in all respects. The union declined to pursue the matter. Plaintiff then filed a complaint of discrimination with the Utah Anti-Discrimination Division of the Utah Industrial Commission (UADD). Following a determination by the UADD that plaintiff's complaint had no merit, plaintiff requested a review by the full Utah Industrial Commission. Before this request was ruled on, plaintiff withdrew her discrimination complaint.
 
 
 6
 Plaintiff subsequently filed a complaint in federal district court alleging breach of contract, age, sex, or handicap discrimination, misrepresentation, and intentional infliction of emotional distress. Hercules moved for summary judgment. Plaintiff then requested and received leave of court to file an amended complaint, abandoning all of her original claims, and only claiming handicap discrimination under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794. The district court granted Hercules' motion for summary judgment, and denied plaintiff's motion for extension of time to do discovery. Plaintiff appeals these decisions.
 
 JURISDICTION
 
 7
 As a threshold matter, we must first determine whether plaintiff's notice of appeal was timely filed pursuant to Federal Rule of Appellate Procedure 4(a). Rule 4(a) requires that a notice of appeal in a civil case be filed "within 30 days after the date of entry of the judgment or order appealed from." This time period is jurisdictional and mandatory. Browder v. Department of Corrections, 434 U.S. 257, 264 (1978).
 
 
 8
 The district court entered its order granting summary judgment to Hercules on February 10, 1992. On March 30, 1992, plaintiff moved pursuant to Fed.R.App.P. 4(a)(5), requesting an extension of time to file her appeal. Rule 4(a)(5) provides that
 
 
 9
 [t]he district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).... No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
 
 
 10
 Fed.R.App.P. 4(a)(5).
 
 
 11
 With her motion for extension of time still pending, plaintiff filed her notice of appeal on April 10, 1992, on the last day before the expiration of the thirty-day grace period under Rule 4(a)(5). On June 15, 1992, the district court granted plaintiff's motion for extension of time. Our decision thus depends upon whether plaintiff's untimely notice of appeal was rendered timely by the district court's eventual grant of her extension of time.
 
 
 12
 We have recently decided precisely this issue in Hinton v. City of Elwood, No. 91-3327, 1993 WL 229887 (10th Cir. June 29, 1993). In Hinton, this court held that "[w]hen an intervening motion occurs which could alter the order or judgment appealed from, a new notice of appeal must be filed after disposition of the subsequent [Rule 4(a)(5) ] motion to ensure that the would-be appellant still desires to appeal." Id. at * 3. However, "[a] motion to extend, unlike a motion for a new trial for example, does not portend any substantive alteration in the form or content of the order being appealed from[,]" and therefore, the district court's grant of a motion to extend validates a prior notice of appeal. Id. Accordingly, we determine that plaintiff's notice of appeal was timely filed, and we turn to the merits of her appeal.
 
 STANDARD OF REVIEW
 
 13
 We review a grant of summary judgment de novo, applying the same legal standard used by the district court. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir.), cert. denied, 113 S.Ct. 635 (1992). Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment must show " 'that there is an absence of evidence to support the non-moving party's case.' " Culver v. Town of Torrington, 930 F.2d 1456, 1458 (10th Cir.1991) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party has met its burden, the burden shifts to the nonmoving party to show the existence of a genuine issue of material fact. Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir.1991).
 
 
 14
 Federal Rule of Civil Procedure 56(e) requires that the party opposing summary judgment go beyond the pleadings, and by " 'depositions, answers to interrogatories, and admissions on file,' " put forth specific facts showing the existence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 322-23 (quoting Fed.R.Civ.P. 56(c)). In Celotex, the Supreme Court stated:
 
 
 15
 [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.... [A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.
 
 
 16
 Id. "[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).
 
 DISCUSSION
 
 17
 Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794(a), states in part:
 
 
 18
 No otherwise qualified individual with a disability in the United States, ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance....
 
 
 19
 Plaintiff claims that Hercules terminated her employment in violation of the statute. In response, Hercules contends that plaintiff's claim is not cognizable under section 504 because during the entire period of plaintiff's employment, Hercules did not receive any "federal financial assistance." In DeVargas v. Mason & Hanger-Silas Mason Co., 911 F.2d 1377, 1382 (10th Cir.1990), this court supplied a definition of federal "financial assistance" in light of Congressional failure to do so. We applied "the ordinary meaning of the term and conclude[d] that an entity receives [federal] financial assistance when it receives a subsidy." Id. In concert with the Department of Energy's regulations, DeVargas further held that entities having only government procurement contracts do not qualify as employers under the Act. Id. at 1383; 10 C.F.R. Sec. 1040.2(b)(3).
 
 
 20
 In his affidavit in support of Hercules' motion for summary judgment, H. Wayne Larabee, Vice President of Financial Management and Control for Hercules, attested that the corporation received
 
 
 21
 no subsidy or other payment or benefit in connection with its Utah operations which might be described as "federal financial assistance" at any time from October 1, 1986 through the present. The only federal funds received by Hercules during that time period ... have been payments received by Hercules in ordinary payment under various government procurement contracts to which Hercules is a party.
 
 
 22
 Appellee's Supp.App. at 86-87. Plaintiff did not respond to Hercules' motion for summary judgment.[2] In defense of this omission, plaintiff asserts that the evidence necessary to prove that Hercules qualifies as an employer under section 504 is in Hercules' possession and that the district court's denial of her motion to extend time for discovery prevented her from obtaining this evidence. We review the district court's decision whether to grant an extension of time for discovery under a deferential, abuse of discretion standard. Committee for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir.1992); Patty Precision v. Brown & Sharpe Mfg. Co., 742 F.2d 1260, 1264 (10th Cir.1984).
 
 
 23
 Plaintiff argues that she could have supported her claims if she had been allowed to do discovery prior to the district court's grant of Hercules' motion for summary judgment. However, plaintiff did not provide her motion for additional time to conduct discovery in the record on appeal. Absent plaintiff's motion in the record, we can only postulate that plaintiff requested additional discovery time pursuant to Fed.R.Civ.P. 56(f), which provides:
 
 
 24
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
 
 
 25
 " 'The non-moving party has the burden of showing by affidavit how additional time will enable [her] to rebut the movant's allegations.' " Culver, 930 F.2d at 1458-59 (quoting Meyer v. Dans un Jardin, S.A., 816 F.2d 533, 537 (10th Cir.1987)); see also Campbell, 962 F.2d at 1522 (holding that an affidavit is a prerequisite to granting Rule 56(f) relief). "Rule 56(f) may not be invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable[.]" Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 833 (10th Cir.1986); see also Jensen v. Redevelopment Agency, No. 92-4084, 1993 WL 263417, at * 3 (10th Cir. Jul. 15, 1993).
 
 
 26
 Plaintiff is responsible for designating those " 'papers filed in the district court which are relevant to specific arguments made in the briefs' " for inclusion in the appellate record. Green v. Johnson, 977 F.2d 1383, 1387 (10th Cir.1992) (quoting 10th Cir.R. 10.2.1). Plaintiff is represented by counsel and " 'it is counsel's responsibility to see that the record excerpts are sufficient for consideration and determination of the issues on appeal and the court is under no obligation to remedy any failure of counsel to fulfill that responsibility.' " Deines v. Vermeer Mfg. Co., 969 F.2d 977, 979 (10th Cir.1992) (quoting General Order, 10th Cir., Oct. 25, 1990, p. 5).
 
 
 27
 It appears to be unrefuted that plaintiff did not conduct any discovery prior to the grant of summary judgment. In addition, even in her appellate brief, plaintiff failed to identify, with any specificity, what facts further time for discovery would uncover, see Jensen, 1993 WL 263417, at * 3, and, as discussed above, her designated record on appeal was of no assistance in this regard. The district court found that plaintiff had ample time and opportunity to conduct discovery, and was dilatory in doing so.[3] See id. & n. 7; Culver, 930 F.2d at 1459. In light of the foregoing, we determine that the district court properly denied plaintiff's motion for additional time to conduct discovery.
 
 
 28
 When the moving party has met the burden of showing that no issue of material fact is in dispute, the nonmoving party cannot merely assert in pleadings or briefs that such issues do exist in order to withstand summary judgment. See Celotex Corp., 477 U.S. at 324. Plaintiff neither filed a timely response to Hercules' motion for summary judgment nor requested an extension of time in which to respond. Also, plaintiff's arguments in her brief are devoid of any essential facts in support of her contentions and amount to little more than speculation. In light of plaintiff's failure to sufficiently refute Hercules' assertion that it does not meet "employer" qualification under the Rehabilitation Act of 1973, we uphold the court's grant of summary judgment to Hercules.
 
 
 29
 The judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Hercules does not appear to dispute plaintiff's qualification as a "handicapped employee," but does deny that plaintiff's handicap was the reason for her termination. See Appellee's Br. at 12-15
 
 
 [2]
 The district court docket sheet indicates that plaintiff filed her original complaint in this case on December 12, 1990, followed by Hercules' motion for summary judgment on August 22, 1991. On September 9, 1991, the court issued an order allowing plaintiff to file an amended complaint, allowing Hercules to file a supplement to its motion for summary judgment, extending plaintiff's time to reply to Hercules' motion, and setting the discovery cut off date at February 1, 1992. On September 16, 1991, plaintiff filed her amended complaint, and on December 24, 1991, she filed a motion for additional time to conduct discovery
 
 
 [3]
 See Paul Kadair, Inc. v. Sony Corp., 694 F.2d 1017, 1031 (5th Cir.1983) (enumerating eight factors which should be considered by the court before determining whether a party has been dilatory in conducting discovery)