25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Paul L. GONZALES, Plaintiff-Appellant,
v.
Warren T. DIESSLIN; William Brunell, COPD Hearing Board
Officer at Buena Vista Correctional Facility; Rusty Ahart,
Major and Housing Manager at Buena Vista Correctional
Facility, all in their individual capacities, Defendants-Appellees.
 No. 93-1403.
 United States Court of Appeals,
Tenth Circuit
 May 12, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Paul L. Gonzales, a Colorado state prisoner appearing pro se, appeals from an order dismissing his 42 U.S.C.1983 complaint. We affirm.
 
 
 4
 Plaintiff's complaint alleged that he was subjected to a drug test. He was charged with violating the State of Colorado's Code of Penal Discipline for possession or use of a dangerous drug. Following a disciplinary hearing, he was found guilty of the charge and sentenced to fifteen days' punitive segregation. Plaintiff alleged the procedures provided were inadequate under Wolff v. McDonnell, 418 U.S. 539 (1974), and the Code of Penal Discipline.
 
 
 5
 The magistrate judge ordered plaintiff to answer interrogatories and produce documents. In response, plaintiff stated that he also lost twenty days of good time credits as a result of the disciplinary action. He provided a disposition of charges form that indicates the only penalty imposed was fifteen days' segregation.
 
 
 6
 The magistrate judge disregarded plaintiff's assertion that he lost twenty days of good time credits because the disposition of charges form showed that the only penalty imposed was segregation. He then relied on Dzana v. Foti, 829 F.2d 558, 561 (5th Cir.1987), which held that a prisoner facing disciplinary segregation of slightly less than a month was entitled to the procedures set forth in Hewitt v. Helms, 459 U.S. 460 (1983), rather than in Wolff, and concluded plaintiff received the Helms procedures. He recommended the complaint be dismissed under Fed.R.Civ.P. 12(b)(6). The district court adopted the recommendation.
 
 
 7
 Plaintiff argues the district court improperly relied on the disposition of charges form to conclude that he did not lose any good or earned time credit as a result of his disciplinary conviction. While we agree that error occurred, we conclude the error was in considering the alleged loss of good or earned time credits. The district court should not have considered this matter because it was not raised in the pleadings and the district court did not follow summary judgment procedure. See Hall v. Bellmon, 935 F.2d 1106, 1110-11 (10th Cir.1991).
 
 
 8
 Plaintiff has not challenged the district court's conclusion that the punishment he did allege in his complaint--fifteen days of punitive segregation--only entitled him to the Helms procedures, and that these procedures were provided. We therefore need not address that question. See Culver v. Town of Torrington, 930 F.2d 1456, 1461 (10th Cir.1991).
 
 
 9
 Plaintiff also contends that he was denied his right to certain procedures under the state's Code of Penal Discipline. He relies on the holding of Adargo v. Barr, 482 F.Supp. 283, 286 (D.Colo.1980), that "[w]here inmates are guaranteed additional procedural rights by state law, these rights are protected by the Constitution."
 
 
 10
 Adargo is not controlling. It was decided without the benefit of our later decision that "[s]tate procedural protections do not define what process is due under the Fourteenth Amendment." Glatz v. Kort, 807 F.2d 1514, 1517 n. 4 (10th Cir.1986). Rather, "[c]onstitutionally required procedural protections are matters of federal law and are analyzed through the application of the Mathews v. Eldridge, 424 U.S. 319, 335 ... (1976) calculus." 807 F.2d at 1517. Denial of procedures beyond those required by the constitution does not entitle a prisoner to relief under 1983.
 
 
 11
 We do not address the district court's ruling concerning plaintiff's Fourth Amendment claim as plaintiff has not raised this issue on appeal.
 
 
 12
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation