Elizabeth HANNULA, Plaintiff–Appellee,

v.

CITY OF LAKEWOOD; and Jane Doe, Defendants,

and

Don Lively, Defendant–Appellant.

No. 89–1110.

United States Court of Appeals, Tenth Circuit.

June 29, 1990.

Christina M. Habas, Denver, Colo., for defendant-appellant.

Sandra J. Pfaff, of the Law Firm of Sandra J. Pfaff, Denver, Colo., for plaintiff–appellee.

Before TACHA and BRORBY, Circuit Judges, and VAN BEBBER, District Judge.*

TACHA, Circuit Judge.

Elizabeth Hannula seeks damages under the Civil Rights Act of 1871, 42 U.S.C. section 1983, for injuries she allegedly sustained during an arrest by a police officer from the City of Lakewood. The officer moved for summary judgment based on a

* Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation.

qualified immunity defense. The district court denied the motion. We reverse.

### I.

On June 22, 1987 Hannula purchased a camping permit at Bear Creek Lake Park in the City of Lakewood, Colorado. She ate dinner at the park and went to sleep. Park Ranger Pam Nodolsky later awoke Hannula and informed her that she was sleeping in a non-designated camping area and would have to move her campsite approximately 50 feet to a designated camping area. When Hannula began to place her belongings in her van in order to move, Nodolsky noticed some beer cans on a nearby picnic table and asked Hannula if she had been drinking. Hannula told Nodolsky that she had been drinking earlier in the evening during dinner. Because of Hannula's drinking, Nodolsky told her that she could not let her drive the van. According to her deposition, Hannula responded that because the designated camping area was so close, she would walk her belongings over there.

At this point, Nodolsky told Hannula to wait while she got some help. Nodolsky contacted the Lakewood Police Department, which responded by sending two police cars. One of the police officers, defendant Don Lively, questioned Hannula concerning her prior alcohol consumption and then requested that she submit to a breath test. Hannula stated that she did not think she was under any obligation to submit to the test because she was neither in her vehicle nor driving her vehicle. In her deposition, Hannula stated that Lively became visibly upset by this remark. Lively administered a "roadside test," asking Hannula to follow a pen with her eyes. Lively then handcuffed Hannula and told her that he was taking her to "detox."[1] It is undisputed that Hannula offered no physical resistance.

Immediately after Lively placed the handcuffs on Hannula, she informed Lively that they were too tight. Lively made no attempt to loosen the handcuffs. During the trip to the detoxification center, Hannula complained twice more. Lively responded that they would "be there in a few minutes." According to Hannula, she "quietly argued" with Lively.

Hannula alleges that the tight handcuffs damaged the nerves, and possibly the bones, in her wrist. The district court found that Hannula sufficiently set forth a claim for Lively's allegedly excessive use of force and denied Lively's motion for summary judgment. The court stated that there is evidence in Hannula's deposition testimony that the use of the handcuffs was excessively forceful; that the handcuffs caused serious injury; and that Lively acted in anger in applying the handcuffs.

### II.

We review summary judgment decisions involving a qualifed immunity defense somewhat differently than other summary judgment rulings. In our prior decisions, we have emphasized that once a defendant raises a qualified immunity defense, the plaintiff bears a heavy burden. The qualified immunity defense "cannot be analogized to other affirmative defenses because of the interests implicated in suits against government officials. Unlike other affirmative defenses, qualified immunity not only shields a defendant from liability, but is also intended to protect the defendant from the burdens associated with trial." *Pueblo Neighborhood Health Centers, Inc. v. Losavio*, 847 F.2d 642, 645 (10th Cir.1988) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)). These burdens include distraction of officials from their governmental responsibilities, the inhibition of discretionary decisionmaking, the deterrence of able people from public service, and the disruptive effects of discovery on governmental operations. *See Harlow v. Fitzgerald*, 457 U.S. 800, 816–17, 102 S.Ct. 2727, 2737–38, 73 L.Ed.2d 396 (1982).

---

**1.** Lively argues that the arrest was permitted by Colo.Rev.Stat. § 25–1–310 (1989), which permits protective custody of a person who is "intoxicated or incapacitated by alcohol and clearly dangerous to the health and safety of himself or others...." *Id.*

Because of these societal costs, once a defendant raises a qualified immunity defense the plaintiff assumes the burden of showing that the defendant has violated clearly established law. To overcome the defense, the plaintiff must do more than identify a clearly established legal test and then allege that the defendant has violated it. *See Pueblo Neighborhood*, 847 F.2d at 645. The plaintiff must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited. The "contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987). While *Anderson* makes clear that there is no requirement that the specific action in question have previously been held unlawful, the plaintiff must show that the unlawfulness of the conduct in question is "apparent" in light of preexisting law. *Id.*

If the plaintiff fails to meet the burden of showing how a defendant violated a clearly established right, we must prevent the plaintiff from subjecting government officials to trial:

> [qualified immunity is an] entitlement not to stand trial or face the burdens of litigation.... The entitlement is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.

*Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985) (emphasis in original). If the plaintiff fulfills the burden of showing how the defendant violated a clearly established right, the defendant then bears the normal burden of a movant for summary judgment of demonstrating that no material facts remain in dispute. *See Powell v. Mikulecky*, 891 F.2d 1454, 1457 (10th Cir.1989).

2. In her amended complaint, Hannula argued that she was also deprived of her right to due process, her right to freedom from summary

III.

■ With these considerations in mind, we examine Hannula's claim that Lively violated her clearly established constitutional right to be free from the excessive use of police force in making an arrest.[2] Both Lively and Hannula state that the contours of the right to be free from excessive force are outlined in *Graham v. Connor*, — U.S. —, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989), which holds that a claim of excessive police force should be analyzed under the fourth amendment's objective reasonableness standard rather than under a substantive due process standard, *see id.* at 1871. While *Graham* sets forth the test for determining whether excessive force has occurred, it does not necessarily state the proper test for determining a defendant's qualified immunity from a claim of excessive force.

To determine whether the law the defendant allegedly violated was clearly established, we focus only on the state of the law at the time of the defendant's actions. *See Pueblo Neighborhood*, 847 F.2d at 645. We do not require government officials to predict future legal developments. *See Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738. When Lively arrested Hannula, the Tenth Circuit generally examined claims of excessive use of force under a substantive due process standard. *See e.g., Trujillo v. Goodman*, 825 F.2d 1453, 1457 (10th Cir. 1987); *Hewitt v. City of Truth or Consequences*, 758 F.2d 1375, 1378–79 (10th Cir.), *cert. denied*, 474 U.S. 844, 106 S.Ct. 131, 88 L.Ed.2d 108 (1985); *Wise v. Bravo*, 666 F.2d 1328, 1333–34 (10th Cir.1981). Hannula must therefore show that Lively's actions clearly constituted an excessive use of force under our former substantive due process standard.

■ Under the due process standard, the factors relevant to whether the use of force is excessive are: (1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the state

punishment, and her right to the equal protection of laws. On appeal Hannula does not renew any of these arguments.

officer. "Force inspired by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience, or by malice rather than mere carelessness, may be redressed under section 1983." *Hewitt*, 758 F.2d at 1379 (citations omitted).

 We hold that Hannula has failed to show that Lively violated a clearly established right. First, we note that the extent of Hannula's injury is minimal. Hannula presents no evidence of contusions, lacerations or damage to the bones or nerves of her wrists.[3] The evidence establishes nothing more than that the handcuffing caused her pain. Second, Hannula has not proven that the amount of force was substantial. Indeed, if the injury is minimal, it is likely that the force creating the injury was also minimal. Third, on the issue of the officer's intent,[4] Hannula stated in her deposition that the officer appeared angry after she refused to submit to the breath test. While this evidence may be probative of malice, it certainly does not establish it. Hannula points to no other evidence in the record showing malice. Considering all three factors together, we conclude that Hannula has not produced sufficient evidence to prove that Lively's actions constituted a clearly established constitutional violation under *Hewitt*. *Compare* this case *with Trujillo*, 825 F.2d at 1454 (plaintiff stated cause of action for excessive force where police threw heavy metal flashlight at plaintiff, which caused a depressed skull fracture and required immediate surgery) *and Martin v. Duffie*, 463 F.2d 464 (10th Cir.1972) (plaintiff stated cause of action for excessive force where he was struck on head with such force that he suffered a brain injury which required immediate surgery).

3. Hannula asserts that she has sustained nerve damage and possibly bone damage as a result of Lively's actions. However, Hannula does not offer any supporting evidence for these statements. Indeed, Hannula offers no medical evidence of any type of injury.

4. Although qualified immunity normally involves only objective standards, inquiry into subjective standards is not precluded when they are essential elements in a plaintiff's claim. *See*

Nor are we persuaded by the cases that Hannula cites in support of her proposition that applying the handcuffs tightly enough to cause pain constitutes a constitutional violation. The cited decisions establish that while loosening tight handcuffs may be the most compassionate action, the failure to do so does not rise to a clearly established constitutional violation. *See e.g., Alm v. Moreth*, 694 F.Supp. 1322, 1324 (N.D.Ill.1988) (no constitutional violation where plaintiff repeatedly stated that handcuffs were injuring him but handcuffs not applied in an abnormal manner, such as to cause bleeding); *Taylor v. Kveton*, 684 F.Supp. 179, 183 n. 6 (N.D.Ill.1988) (there is only an "arguable" duty to rectify handcuffs that are three notches too tight); *Van Houten v. Baughman*, 663 F.Supp. 887, 891 (C.D.Ill.1987) (numbness in wrists arising from handcuffing does not arise to the level of severity as to shock the conscience of the court). The cases do not "clearly establish" that handcuffing a detainee too tightly constitutes excessive force, at least in the absence of apparent physical damage to the plaintiff's wrists.

## IV.

We hold that Hannula failed to show that Lively's actions constituted a violation of clearly established law. For this reason, Lively need not demonstrate that no material facts remain in dispute to prevail on summary judgment. We REVERSE and REMAND with instructions that the district court enter summary judgment in favor of the defendant consistent with this opinion.

*Pueblo Neighborhood*, 847 F.2d at 648; *see also Trujillo*, 825 F.2d at 1459–60 (finding that intent of officer was essential element of plaintiff's excessive force claim); *Musso v. Hourigan*, 836 F.2d 736, 743 (2d Cir.1988) (*Harlow* eliminates inquiry into official's subjective knowledge of the law, but does not eliminate "all general examination of subjective intent unrelated to knowledge of law").