Andrew HARRIS and Robert Hutchinson, Plaintiffs,

v.

Bill EVANS and Ed Gardner, Defendants.

Civ. A. No. 92–2021.

United States District Court, D. Kansas.

May 1, 1992.

Bryan E. Nelson, Overland Park, Kan., for Andrew Harris and Robert Hutchinson.

Jeffrey J. Simon, Bryan Cave, Kansas City, Mo., James L. Eisenbrandt, Bryan Cave, Leawood, Kan., for Bill Evans.

Ed Gardner, pro se.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Plaintiffs Andrew Harris (Harris) and Robert Hutchinson (Hutchinson) filed this action against Bill Evans (Evans), a police officer employed by the Overland Park, Kansas, Police Department, and Ed Gardner (Gardner), alleging that the defendants violated their constitutional and state law rights in connection with the plaintiffs' arrest. The matter is currently before the court on defendant Evans' motion for summary judgment (Doc. # 7), the plaintiffs' cross-motion for partial summary judgment (Doc. # 15), defendant Gardner's motion to dismiss (Doc. # 22), and plaintiffs' motion to strike Gardner's motion to dismiss (Doc. # 23). For the reasons set forth below, Evans' motion for summary judgment is granted and the plaintiffs' motion is denied. Gardner's motion to dismiss and the plaintiffs' motion to strike are denied as moot.

## I. SUMMARY JUDGMENT STANDARDS

When considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party. *Barber v. General Elec. Co.*, 648 F.2d 1272, 1276 n. 1 (10th Cir. 1981). A moving party who bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. S.W. Servicing, Inc.*, 758 F.2d 1381, 1387 (10th Cir.1985). If the moving party does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).

Once the movant meets these requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). The nonmovant may not merely rest on the pleadings to meet this burden. *Id.* Genuine factual issues must exist that "can be resolved only by a

finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511; *Tersiner v. Union Pacific R.R.*, 740 F.Supp. 1519, 1522–23 (D.Kan.1990). More than a "disfavored procedural shortcut," summary judgment is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.' Fed. R.Civ.P. 1." *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

## II. FACTS

The following facts, viewed in the light most favorable to the plaintiffs, are uncontroverted for purposes of the cross-motions for summary judgment. While on duty on October 9, 1991, officer Evans took a report from defendant Gardner regarding terroristic threats that the plaintiffs had allegedly made against Gardner. Gardner told Evans that two of Gardner's former business partners, Hutchinson and Harris, were harassing him. Gardner told Evans that Hutchinson and Harris had threatened him on the telephone and that Gardner had reported this threat to an officer from the Olathe, Kansas, Police Department earlier. Gardner completed a written statement at Evans' direction.

Officer Evans called the Olathe Police Department and talked to Officer Bitter, the officer who had taken Gardner's earlier report. Officer Bitter confirmed that he had taken a report at Mr. Gardner's office regarding Gardner's complaint of harassing phone calls made by Hutchinson. Officer Bitter told Officer Evans that, while Bitter was taking Gardner's statement, Hutchinson called Gardner again. Officer Bitter talked to Hutchinson on the phone and told Officer Evans that Hutchinson was very rude. Hutchinson hung up on Bitter when he attempted to get Hutchinson to come to Olathe to talk to Bitter about the phone calls. Officer Bitter told Officer Evans that he believed Hutchinson could be capable of violence toward Gard-

ner because Gardner had reported the harassing phone calls.

After talking to Officer Bitter, Officer Evans reviewed Gardner's written statement. Gardner told Evans that Hutchinson had cheated their former business and its clients out of several thousand dollars and that Gardner had found out about it, prompting the falling out between Gardner, Hutchinson, and Harris. Gardner told Officer Evans that Hutchinson called Gardner on October 9 and stated: "I'm going to kill you." Gardner also told Officer Evans that he heard Harris in the background say "I'm going to gut you, you pig fucker," when Hutchinson made the phone call. Gardner wrote in his police report, "I sincerely believe these individuals are capable of carrying out these threats and am in fear for my life." With Gardner's oral and written statements and Officer Bitter's report in mind, Officer Evans decided to arrest Hutchinson and Harris.[1] Hutchinson was arrested for making terroristic threats against Gardner. Shortly thereafter, Harris was also arrested.

Later that day it became apparent that Gardner's version of the events was inaccurate and that he had fabricated his complaint to Officer Evans. No charges were ever filed against the plaintiffs. However, at the time the arrests were made Officer Evans had no knowledge that Gardner's reports were false. Gardner did not recant his statements or otherwise indicate that his report was untruthful at any time prior to the arrests. Gardner was subsequently arrested and charged with filing a false police report.

Plaintiffs filed the instant action alleging claims under 42 U.S.C. § 1983 for violation of the plaintiffs' constitutional rights, as well as state law causes of action for false arrest, false imprisonment, libel, slander, and intentional interference with contract rights. Plaintiffs alleged that defendants Gardner and Evans conspired to secure plaintiffs' arrest without probable cause.

---

**1.** Officer Evans decided to arrest Hutchinson first because Hutchinson had several warrants outstanding in Olathe, although the nature of those warrants and their relevance to this dis-

pute is not clear. For the purposes of these summary judgment motions the court assumes that the arrests were made without warrants.

They sued Evans in his official and individual capacities. Defendant Evans moved for summary judgment, claiming that he is entitled to qualified immunity as to the section 1983 claims and that, if the court grants that motion, the court is without jurisdiction on the remaining state law claims. The court then stayed discovery in this case while it considered Evans' qualified immunity claim.

## III. DISCUSSION

■ Section 1983 provides a remedy to parties who are deprived of their constitutional rights by an official's abuse of his or her position. *Monroe v. Pape,* 365 U.S. 167, 173–74, 81 S.Ct. 473, 476–77, 5 L.Ed.2d 492 (1961), *overruled in part on other grounds, Monell v. Department of Social Services,* 436 U.S. 658, 663, 98 S.Ct. 2018, 2021, 56 L.Ed.2d 611 (1978). In order to recover under section 1983, plaintiffs must prove (1) that the defendants have deprived them of a right secured by the constitution or laws of the United States, and (2) that the deprivation occurred under color of state law. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

■ Plaintiffs sued Evans in both his official and individual capacities. A qualified immunity defense applies only to suits brought against a defendant in his or her individual capacity. The court finds, however, that the plaintiffs' have not stated a claim against Officer Evans in his official capacity.

### A. *Individual Capacity Claims*

■ Public officials performing discretionary functions generally enjoy qualified immunity from civil damages liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). When a qualified immunity claim is raised in a motion for summary judgment, the relevant question is whether a reasonable official could have believed that his or her acts were lawful in light of clearly established law and the information the official possessed at the time of the allegedly unlawful conduct. *Anderson v. Creighton,* 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987).

The "contours" of the right allegedly violated "must be sufficiently clear that a reasonable official would understand that what he is doing violated that right." *Id.* at 635, 107 S.Ct. at 3037. The plaintiff "must do more than identify in the abstract a clearly established right and allege that the defendant has violated it." *Pueblo Neighborhood Health Centers, Inc. v. Losavio,* 847 F.2d 642, 645 (10th Cir.1988). The plaintiff has the burden of establishing that the law was clearly established when the alleged violation occurred. *Id.*

■ When defendants move for summary judgment on the basis of qualified immunity, plaintiffs bear a heavier burden than is normally imposed to avoid summary judgment. Plaintiffs must show that the defendants violated clearly established law. *Hannula v. City of Lakewood,* 907 F.2d 129, 131 (10th Cir.1990). To meet this burden, plaintiffs "must demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing the defendant's actions were clearly prohibited." *Id.*

■ If the plaintiffs meet their burden of both identifying the clearly established law that the defendants allegedly violated and of demonstrating that the defendants' alleged conduct violated that law, the burden shifts to the defendants to show that no material issues of fact remain as to whether their actions were objectively reasonable in light of the law and the information they possessed at the time. *Losavio,* 847 F.2d at 646. A showing of objective reasonableness entitles defendants to summary judgment unless the plaintiffs show that there are factual disputes relevant to the claims of immunity. *Martin v. Board of County Commissioners,* 909 F.2d 402, 405 (10th Cir.1990).

■ As to the plaintiffs' section 1983 claims against Officer Evans based upon a false arrest theory, the court finds that the

plaintiffs have failed to show that there are any factual disputes relevant to the reasonableness of their arrests. The constitutional validity of the arrests, and hence plaintiffs claims under section 1983, depends on whether, at the time the arrests were made, a reasonable police officer could have concluded that he or she had probable cause to make the arrests. *Anderson v. Creighton*, 483 U.S. 635, 641, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964); *Jones v. City and County of Denver*, 854 F.2d 1206, 1208 (10th Cir.1988). A police officer has probable cause to make an arrest when, at the moment of the arrest, the facts and circumstances within the officer's knowledge and of which he or she had reasonably trustworthy information are sufficient to warrant a prudent person in believing that the plaintiffs had committed or were committing an offense. *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S.Ct. 2627, 2632, 61 L.Ed.2d 343 (1979); *Karr v. Smith*, 774 F.2d 1029, 1031 (10th Cir.1985).

 When evaluating the presence of probable cause, Officer Evans relied upon the oral and written statements of Gardner and the statement made by Officer Bitter. The reliability of information received from an ordinary citizen like Gardner is presumed. *Karr*, 774 F.2d at 1032. Furthermore, information received from a fellow police officer is presumptively reliable and must be evaluated collectively with the information available to the arresting officer when the court determines whether probable cause existed. *Id.* at 1031.

2. K.S.A. § 21–3419(1) provides that "A terroristic threat is any threat to: (a) Commit violence communicated with intent to terrorize another ... or in wanton disregard of the risk of causing such terror...."

3. To the extent that plaintiffs' complaint alleges that Evans and Gardner conspired to deprive them of their constitutional rights, the court finds that Evans is entitled to summary judgment on this claim as well. To prove a conspiracy between private parties and state actors under section 1983, plaintiffs must show a joint participation, agreement, or meeting of the minds to violate constitutional rights. *Adickes*

The court finds that when the facts are viewed in a light most favorable to plaintiffs, defendant Evans is entitled to qualified immunity. Gardner charged the plaintiffs with making terroristic threats, a violation of K.S.A. § 21–3419(1)(a) (1988).[2] Officer Evans was entitled to rely upon Gardner's presumptively reliable report, which detailed telephone calls that, if made, could have constituted terroristic threats. Gardner even explained to Evans that the plaintiffs had a motive for making such threats: their business problems with Gardner. Gardner told Evans that he heard both Harris and Hutchinson make threats against him and that he feared for his life. Officer Evans also reasonably relied upon the statement of officer Bitter, which corroborated Gardner's statements.

Under these facts and circumstances, the court concludes that a reasonable officer could have concluded that he or she had probable cause to make the arrests. Officer Evans is therefore entitled to qualified immunity from damages liability and summary judgment on the plaintiffs' claim against him in his individual capacity. *See, e.g., Mann v. Purcell*, 718 F.Supp. 868, 876 (D.Kan.1989); *Wendt v. City of Kansas City, Kansas*, No. 89–2463 (D.Kan. Mar. 29, 1991) (1991 WL 49786); *Larson v. Boyer*, No. 87–1247 (D.Kan. May 26, 1989) (1989 WL 60300, 1989 U.S.Dist. LEXIS 6302).[3]

**B. Official Capacity Claims**

 The court finds that plaintiffs have failed to state a claim against Officer Evans in his official capacity. A claim against an official in an official capacity is

*v. S.H. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970). Officer Evans' affidavit indicated that he had never met Mr. Gardner before Gardner filed his complaint, negating any possibility of an agreement or meeting of the minds. Moreover, plaintiffs have come forward with no factual support for their theory or evidence controverting Officer Evans' affidavit. Because plaintiffs have failed to demonstrate any triable issues of fact on the conspiracy theory, the court finds that Evans is entitled to summary judgment on this claim. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

considered to be equivalent to a claim against the pertinent governmental entity. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 3104–05, 87 L.Ed.2d 114 (1985); *Will v. Michigan,* 491 U.S. 58, 71, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989). In this case, therefore, plaintiffs' official capacity claim is actually a claim against the Overland Park Police Department, the government agency for which Officer Evans is employed. To state a claim under section 1983 against Evans in his official capacity, and hence the Overland Park Police Department, plaintiffs must show that a policy or custom of the police department caused the infliction of their alleged constitutional injuries. *See Graham,* 473 U.S. at 165–67, 105 S.Ct. at 3104–05; *Monell v. Department of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978); *Mann v. Purcell,* 718 F.Supp. 868, 872 (D.Kan.1989). The Supreme Court has repeatedly instructed that municipal liability for a constitutional tort by one of its employees cannot be based upon a respondeat superior theory. *See City of Canton v. Harris,* 489 U.S. 378, 385, 109 S.Ct. 1197, 1202, 103 L.Ed.2d 412 (1989); *Monell,* 436 U.S. at 694–95, 98 S.Ct. at 2037–38.

Plaintiffs have made no showing that the Overland Park Police Department had any policy or custom that could have caused their alleged constitutional deprivations. Moreover, even if the court were to find that Officer Evans' conduct amounted to a constitutional tort against the plaintiffs, proof of a single incident of unconstitutional activity is insufficient to establish liability against the governmental entity. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 824, 105 S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985). Based upon the total absence of any allegations or proof of a policy or custom on the part of the police department that caused the alleged violations, Officer Evans is entitled to summary judgment on the official capacity claim against him.

**C. Pendent State Law Claims and Claims Against Defendant Gardner**

In addition to the section 1983 claims, plaintiffs sued Evans and Gardner under state law theories of false arrest, false imprisonment, libel, slander, and intentional interference with contract rights. Because the court finds that defendant Evans is entitled to summary judgment as to the only federal claim against him and because no other independent basis for federal jurisdiction exists over the plaintiffs' claims,[4] the court chooses to exercise its discretion and dismiss without prejudice the remaining state law claims against defendant Evans. These claims may more properly be adjudicated by a state court. *See Pitts v. Turner and Boisseau Chartered,* 850 F.2d 650, 653 (10th Cir.1988), *cert. denied,* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *Wendt v. City of Kansas City, Kansas,* No. 89–2463, slip op. at 6 (D.Kan. Mar. 29, 1991) (1991 WL 49786).

Plaintiffs' claims against defendant Gardner allege the same state law theories that were alleged against Evans. Plaintiffs also claim that Gardner is subject to liability under section 1983 because, although he is not a state actor himself, he acted in consort with a state actor to deprive them of constitutional rights. Because the court has dismissed the plaintiffs' section 1983 action against the only state actor involved and has exercised its discretion to dismiss the pendent state law claims against him, and because there is no basis for diversity jurisdiction in this case, the court concludes that plaintiffs' claims against Gardner should also be heard by a state court. *See Larson v. Boyer,* No. 87–1248 (D.Kan. May 26, 1989) (1989 WL 60300, U.S.Dist. LEXIS 6302). Plaintiffs' claims against Gardner are therefore dismissed without prejudice.

It is therefore ordered by the court that defendant Evans' motion for summary judgment (Doc. # 7) is granted. The plaintiffs' section 1983 claims against Evans are

---

**4.** All other claims brought by plaintiffs are based upon state law and the plaintiffs' com- plaint indicates that there is no basis for diversity jurisdiction.

dismissed with prejudice as to both the individual capacity and official capacity claims against him. The pendent state law claims against Evans are dismissed without prejudice.

It is further ordered that the plaintiffs' claims against defendant Gardner are dismissed without prejudice.

It is further ordered that plaintiffs' motion for partial summary judgment (Doc. # 15) is denied.

It is also ordered that defendant Gardner's motion to dismiss (Doc. # 22) and plaintiffs' motion to strike Gardner's motion to dismiss (Doc. # 23) are denied as moot.

This order terminates all proceedings in federal court on this case.

IT IS SO ORDERED.