963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David FERTIG, Plaintiff-Appellant,
v.
CITY OF LOVELAND; Joseph Quigley; Charles Higney;
Lawrence Sieb, Defendants-Appellees.
 No. 91-1013.
 United States Court of Appeals, Tenth Circuit.
 May 12, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff David Fertig appeals the district court's grant of summary judgment to Defendants City of Loveland, Joseph E. Quigley and Charles Higney, Loveland police officers, and Lawrence Sieb, Loveland Police Chief. Plaintiff brought this suit under 42 U.S.C. § 1983, alleging that his placement in protective custody by Quigley and Higney constituted an arrest without probable cause and violated his constitutional right to free speech under the First Amendment. He also asserts liability against the City of Loveland and Sieb for failure to adequately train its police officers. The district court granted summary judgment to the City of Loveland and Defendant Sieb, stating that Plaintiff had failed to meet his burden of establishing the existence of a municipal policy or custom which violated Plaintiff's constitutional rights. The court granted summary judgment to Quigley and Higney based on qualified immunity. Plaintiff appeals, and we affirm.
 
 
 3
 Shortly after midnight on April 27, 1986, Higney and Quigley answered a disturbance complaint at an apartment complex in Loveland. In the parking lot of the complex, the officers encountered Plaintiff and his cousin, Randall Fertig. It appeared to the officers that Plaintiff and his cousin had been involved in an altercation. Plaintiff's shirt was torn off and both of the men had visible abrasions, cuts, and contusions. Randall Fertig refused to provide the officers with identification, and because he became verbally abusive and belligerent, the officers placed him under arrest. Plaintiff questioned the reason for the arrest of his cousin. Ultimately, Plaintiff also was taken into protective custody as being intoxicated and a danger to himself and others.[1] He was detained for eight hours in detox and released. He was not criminally charged.
 
 
 4
 We review the grant of summary judgment de novo, applying the same legal standard applied by the district court under Fed.R.Civ.P. 56(c). Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). We must view the record in a light most favorable to the parties opposing the motion for summary judgment. Id.
 
 
 5
 "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the 'objective legal reasonableness' of the action assessed in light of the legal rules that were 'clearly established' at the time [the action] was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 819 (1982)). The plaintiff has the burden of establishing that the law was violated and that the law was clearly established at the time of the violation. Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir.1991). If the plaintiff does not meet this burden, the official is not required to proceed further, and summary judgment is appropriate. Id.
 
 
 6
 First, Plaintiff argues that his detention by the police officers was in violation of his constitutional right to free speech as guaranteed by the First Amendment. He bases his claim on his perception that he was taken into custody by the officers because he questioned them regarding the reasons for their arrest of his cousin, Randall Fertig. There is nothing in the record, however, to indicate that anything that Plaintiff said to the officers formed the basis for their decision to place him in custody.
 
 
 7
 Plaintiff cites City of Houston v. Hill, 482 U.S. 451 (1987), in support of his claim of constitutional violation. In City of Houston, the Supreme Court held invalid, as overbroad, a municipal ordinance making it unlawful to interrupt police officers in the performance of their duties. Id. at 453, 467. The plaintiff in City of Houston, was arrested pursuant to the ordinance for verbally challenging police officers during an arrest. Id. at 454. The Supreme Court held that a certain amount of "expressive disorder" is permissible in a free society, id. at 472, and therefore, the ordinance was held to be "substantially overbroad" and "facially invalid," id. at 467.
 
 
 8
 Plaintiff in this case was not formally arrested. He does not challenge the constitutional validity of the state protective custody statute under which he was held. He was not criminally charged, and there is no evidence that any statements or verbal challenges he may have made to the officers had any bearing on their decision to place him in custody, except perhaps in support of the police officers' contention that the individuals appeared intoxicated and combative. Therefore, City of Houston is factually distinguishable and inapposite, and Plaintiff's reliance on the holding in the case is misplaced.
 
 
 9
 Plaintiff states in his brief that, because of his reliance on a First Amendment violation, probable cause is not an issue in his appeal. However, it appears that the thrust of Plaintiff's argument centers around whether Plaintiff was intoxicated and whether, because of his intoxication, he presented a danger to himself or to others such that there was probable cause for the officers to detain him pursuant to the Colorado statute. In two Colorado cases the state court has had an opportunity to interpret this statute.
 
 
 10
 In People v. Dandrea, 736 P.2d 1211, 1214-15 (Colo.1987), the Colorado Supreme Court held that the language of section 25-1-310 is unambiguous in stating that the act of placing a person in protective custody is not an arrest, but is permitted to "prevent harm to the detainee or others."
 
 
 11
 In Leake v. Cain, 720 P.2d 152 (Colo.1986), the court considered whether an officer acting pursuant to section 25-1-310(1) is protected by qualified immunity. The court held that the decision of a police officer to place a person in protective custody is discretionary. Id. at 164. A police officer, making a decision as to whether an intoxicated person is dangerous to himself or others, enjoys qualified immunity unless his conduct is "willful, malicious or intended to cause harm." Id. at 163-64.
 
 
 12
 Plaintiff failed to meet his burden of establishing that there was a First Amendment violation or that the officers' decision was an abuse of discretion. The facts in this case point to a reasonable conclusion on the part of the police officers that Plaintiff had been drinking, that he had been involved in a fight or an altercation, and that there was a probability that, left unprotected, additional violence could occur. Although Plaintiff denies he was intoxicated, he does admit that he had been drinking throughout the day. It is clear that the alcohol smell on his breath and his disheveled appearance would have led the officers to believe he was intoxicated and had been involved in a fight.
 
 
 13
 The situation, as witnessed and perceived by the officers, supports their subsequent decisions. Plaintiff bears the burden of establishing a nexus between the conduct in question and prior law which would show that Defendants' actions were clearly in violation. See Hannula v. City of Lakewood, 907 F.2d 129, 131 (10th Cir.1990). Plaintiff failed to meet this burden. The district court's determination that the officers are entitled to qualified immunity is therefore correct.
 
 
 14
 Finally, Plaintiff argues that the grant of summary judgment as to Defendants City of Loveland and Sieb was inappropriate based upon his claim that these Defendants failed to adequately train the City's police officers in "deliberate indifference to the rights of persons with whom the police come into contact." City of Canton v. Harris, 489 U.S. 378, 388 (1989).
 
 
 15
 " '[T]o survive summary judgment, the plaintiff must go beyond [his] pleadings and show that [ ]he has evidence of specific facts that demonstrate that' the City ... of [Loveland] exhibited deliberate indifference towards him in its alleged failure to institute a proper policy and in not properly training and supervising its officers." Medina v. City & County of Denver, No. 90-1166, slip op. at 16-17 (10th Cir. Mar. 31, 1992) (quoting Watson v. City of Kansas City, 857 F.2d 690, 694 (10th Cir.1988)).
 
 
 16
 We have previously held that "there is no inherent inconsistency in allowing a suit alleging an unconstitutional policy or custom to proceed against the city when the individuals charged with executing the challenged policy ... have been relieved from individual liability." Watson v. City of Kansas City, 857 F.2d at 697. However, it would not be proper to allow Plaintiff to maintain a suit against the City if it was determined that the officers' conduct did not comprise a constitutional violation. Id.
 
 
 17
 Plaintiff presented no evidence of a policy, custom or practice of the City of Loveland in support of his contentions. He also failed to present any evidence which would substantiate his allegation that the City failed to properly train its police officers. Therefore, because we determine that no constitutional violation occurred, and because we agree with the district court that Plaintiff failed to substantiate these allegations, we affirm the district court's grant of summary judgment to the City and Sieb.
 
 
 18
 In conclusion, we determine that Plaintiff failed to meet his burden of establishing an issue of material fact in dispute, and, therefore, a grant of summary judgment is appropriate. The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Colo.Rev.Stat. § 25-1-310(1) states in pertinent part:
 (1) When any person is intoxicated or incapacitated by alcohol and clearly dangerous to the health and safety of himself or others, such person shall be taken into protective custody by law enforcement authorities or an emergency service patrol, acting with probable cause, and placed in an approved treatment facility. If no such facilities are available, he may be detained in an emergency medical facility or jail, but only for so long as may be necessary to prevent injury to himself or others or to prevent a breach of the peace.... A taking into protective custody under this section is not an arrest, and no entry or other record shall be made to indicate that the person has been arrested or charged with a crime. Law enforcement or emergency service personnel who act in compliance with this section are acting in the course of their official duties and are not criminally or civilly liable therefore.