F I L E D
United States Court of Appeals
Tenth Circuit

OCT 14 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

WILBUR D. THOMPSON,

     Plaintiff - Appellant,

vs.

BUTCH HAMILTON; RONNIE LAW,

     Defendants - Appellees.

No. 97-6084
(D.C. No. CIV-96-122-A)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before BRORBY, EBEL, and KELLY, Circuit Judges.[**]

     Mr. Thompson, an inmate appearing pro se and in forma pauperis, appeals from a grant of summary judgment in favor of Defendant Ronnie Law on his civil rights claim. He does not contest summary judgment granted to Defendant Hamilton. Aplt. Br. (Form A-11) at 12. He contends that the district court improperly granted summary judgment on his excessive force claim and his claim

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

for deliberate indifference to serious medical needs. He further argues that the district court erred in adopting the magistrate's recommendation that the Defendants were entitled to qualified immunity. Our jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

We review a grant of summary judgment de novo and apply the same standards as the district court. Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We construe the evidence and its reasonable inferences in the light most favorable to the non-movant. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Although a Martinez report was ordered by the district court and relied upon by the Defendants, it may not be used to resolve factual disputes. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991). Thus, in reviewing whether summary judgment was proper, we credit Mr. Thompson's version of events.

According to Mr. Thompson, Defendant Law grabbed his arm, twisted it and choked him in the process of removing him from his cell. Pretrial detainees are protected from excessive force that amounts to punishment under the Due Process clause of the Fourteenth Amendment. Graham v. Connor, 490 U.S. 386, 395 n.10 (1989); Meade v. Grubbs, 841 F.2d 1512, 1526-27 (10th Cir. 1988). In the context of institutional management, it is helpful to reference Eighth

Amendment standards applicable to convicted persons.  See Riley v. Dorton, 115 F.3d 1159, 1166-67 (4th Cir. 1997) (en banc).  Whether force is excessive in violation of the Eighth Amendment depends upon the circumstances confronting the officer as well as the nature and amount of force applied in reaction.  Whitley v. Albers, 475 U.S. 312, 321 (1986).  Also relevant is the extent of any injury.  Hudson v. McMillian, 503 U.S. 1, 9-11 (1992).  Minor injury does not preclude an action for excessive force, but "*de minimis* uses of physical force" ordinarily will not support a claim.  Id. at 9-10.  It is uncontroverted that the force in question was applied briefly and while Mr. Thompson was being transferred to another area, and there is no evidence of any injury, let alone minor injury.  Under the circumstances, Mr. Thompson cannot prevail.  See Riley, 115 F.3d at 1160-61; Hannula v. City of Lakewood, 907 F.2d 129, 131-32 (10th Cir. 1990).

As a pretrial detainee, the Eighth Amendment standard for medical attention, see Estelle v. Gamble, 429 U.S. 97, 104 (1976), applies to Mr. Thompson.  See Barrie v. Grand County, Utah, 119 F.3d 862, 867 (10th Cir. 1997).  Likewise, Mr. Thompson has not come forward with the type of "significantly probative" evidence necessary for his claim that Defendants were deliberately indifferent to his serious medical needs.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A delay in medical treatment does not constitute a constitutional violation unless it can be shown that the delay resulted

- 3 -

in substantial harm.  See White v. Colorado, 82 F.3d 364, 366-67 (10th Cir. 1996); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993).  Mr. Thompson's claim that he went untreated for 90 days, without a showing of harm, is insufficient.  So too is his claim that Defendant Law "menacingly imposed his authority upon [him]," knowing of his medical condition.  I R. doc. 22 at 4 (amended complaint).  While it is clear that jail officials may not harass or retaliate against those detained for exercising their constitutional rights, see Smith v. Maschner, 899 F.2d 940, 947-48 (10th Cir. 1990), Mr. Thompson has failed to offer facts so indicating.

Having determined that Mr. Thompson did not establish the violation of a constitutional right, Defendants were entitled to qualified immunity.  See Johnson v. Fankell, 117 S. Ct. 1800, 1803 (1997) (discussing qualified immunity defense); Siegert v. Gilley, 500 U.S. 226, 233 (1991).

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 4 -