**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PAUL WAYNE ELLIS,

      Plaintiff-Appellant,

v.

CITY OF LINDSAY, a Municipal
Corporation; MIKE BLAIR, Officer
and individually; JACK HOLLOWAY,
Officer and individually; GENE
JONES, individually and as Chief of
Police of the City of Lindsay,

      Defendants-Appellees.

No. 98-6153
(D.C. No. 97-CV-994)
(W.D. Okla.)

ORDER AND JUDGMENT  *

Before **BRORBY** , **BRISCOE** , and **LUCERO** , Circuit Judges.

      Plaintiff Paul Wayne Ellis filed a civil rights action pursuant to 42 U.S.C.

§ 1983 against defendants City of Lindsay, Police Chief Gene Jones, and Officers

Mike Blair and Jack Holloway, alleging violations of his Fifth, Eighth, and

---

*	This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Fourteenth Amendment rights. Plaintiff alleged that Officer Blair used excessive force against him, that Officer Holloway failed to intervene to prevent Officer Blair from using excessive force, and that the City and Police Chief Jones failed to train and supervise police officers. The district court granted defendants' motion for summary judgment and entered judgment in their favor. After the district court denied plaintiff's timely motion to reconsider, plaintiff appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. [1]

BACKGROUND

This action arises from a dispute between two factions of the Lindsay Christian Fellowship Church. The dispute concerns plaintiff's continued employment as pastor of the church. The group that did not want plaintiff as pastor sent him a certified letter to this effect. They then padlocked the church to keep him out.

In June of 1995, plaintiff and twenty or thirty supporting church members gathered for a meeting in the church parking lot. At the same time, the opposing faction was in front of the church. Officers Blair and Holloway were dispatched to the church to respond to a possible disturbance report made by the opposing

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

faction. At the time of the officer's arrival, there was no actual disturbance. A member of the opposing faction gave the officers a copy of the letter indicating that plaintiff had been relieved of his duties as pastor.

Thereafter, Officers Blair and Holloway approached plaintiff with the letter. At this point, the parties' versions of the facts differ.

According to plaintiff, Officer Blair repeatedly shouted at him that he was fired, that he must leave the property, and that if he refused to leave he would be jailed. Also, according to plaintiff, Officer Blair raised his forearm to plaintiff's ribcage and forced him backward into a parked car until his daughter distracted the officer. At that time, plaintiff stepped away, but Officer Blair again raised his forearm and elbow to plaintiff's ribcage and forced him against another car. Plaintiff contends that Officer Blair used this force even though plaintiff never touched or threatened to touch him and even though plaintiff violated no law. Plaintiff believes that Officer Holloway could have prevented this use of force, but instead was yelling at plaintiff's wife. This use of force allegedly caused emotional injury and a bruise on plaintiff's ribcage, for which he went to the hospital emergency room the next day. His treatment consisted of x-rays, a rib brace, and pain pills.

According to defendants, as the officers approached, plaintiff immediately began yelling that the letter terminating his employment was not legal and that he

was not leaving the property. He accused Officer Holloway of changing the locks on the church. During this time, plaintiff allegedly was poking Officer Blair in the chest with his finger. Officer Blair told plaintiff that he would be arrested if he did not stop the poking. Defendants deny that Officer Blair used any physical force against plaintiff. They maintain that Officer Holloway was engaged in a separate conversation with plaintiff's wife at the time the exchange occurred between plaintiff and Officer Blair.

Two photographs taken during the incident by a church member supporting plaintiff do not show any use of force by Officer Blair or any physical contact between plaintiff and Officer Blair. [2] During his deposition testimony, plaintiff was unable to provide any explanation why these photographs failed to show any force or physical contact.

When Assistant Chief of Police Jim Holley arrived at the church, he informed the officers that the opposing faction would need to obtain a court order to have plaintiff removed from the church property. Thereafter, the opposing faction and the officers left. Plaintiff did not complain to Assistant Chief Holley about any use of force or that he had sustained any injury.

---

[2]     We note that the record before this court contains only photocopies of the photographs.  See Appellant's App. Vol. I at 116.  Although the photocopies are of poor quality, they still do not evidence any use of force or physical contact.

-4-

Plaintiff did, however, complain of unnecessary use of force to the Garvin County district attorney's office. After investigation by the Garvin County Sheriff's Department, the district attorney's office found the complaint to be unsubstantiated. See Appellant's App. Vol. I at 138. The Federal Bureau of Investigation also investigated the matter for possible criminal violation of civil rights statutes. After reviewing the FBI's report, the United States Justice Department recommended that the matter be closed. See id. at 139.

Thereafter, plaintiff commenced this civil rights action. Defendants filed a motion for summary judgment. The district court granted summary judgment for the reasons stated in the defendants' briefs, concluding (1) the officers did not violate plaintiff's substantive due process rights; (2) the officers did not arrest or seize plaintiff; (3) plaintiff did not assert a Fourth Amendment excessive force claim; (4) even if he had, the officers did not use unreasonable or excessive force; (5) the officers are entitled to qualified immunity; (6) the City is entitled to summary judgment because there is no constitutional violation; and (7) even if there had been a constitutional violation, there was no evidence the City failed to adequately train its police officers.

Plaintiff filed a timely motion to reconsider. In the motion, he requested that the district court allow him an opportunity to amend his complaint to include a cause of action for violation of his Fourth Amendment rights. In support of the

request, plaintiff maintained that he had not had sufficient time to conduct discovery. Plaintiff also submitted additional evidence not presented at the time the district court decided the summary judgment motion. The district court denied the motion to reconsider. Plaintiff appealed.

DISCUSSION

This court reviews the grant of summary judgment de novo and applies the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c). See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and . . . affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "A disputed fact is 'material' if it might affect the outcome of the suit under the governing law, and the dispute is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Allen v. Muskogee, Okla., 119 F.3d 837, 839 (10th Cir. 1997) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)), cert. denied, 118 S. Ct. 1165 (1998). "We construe the factual record and reasonable inferences therefrom in the light most favorable to the nonmovant." Id. at 839-40. "Summary judgment is appropriate if the plaintiff[ has] failed to present evidence sufficient to support a reasonable inference that the [defendants] violated the relevant constitutional

-6-

standards." Myers v. Oklahoma County Bd. of County Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998).

## I. REQUEST TO AMEND COMPLAINT

We consider first whether the district court should have allowed plaintiff to amend his complaint to set forth a cause of action for violation of his Fourth Amendment rights. Plaintiff disputes the district court's finding in the order granting summary judgment that he was not seized and the resulting conclusion the Fourth Amendment was not implicated. According to plaintiff, the facts show that he was seized within the meaning of the Fourth Amendment when Officer Blair pinned him against the two cars and restrained him from walking away.

Several reasons justify the district court's denial of plaintiff's request to amend. First, even though plaintiff did not argue a Fourth Amendment violation in his complaint, the district court considered the possibility of a Fourth Amendment violation in granting summary judgment for defendants. Plaintiff does not indicate what Fourth Amendment argument he would make in an amended complaint, different from that addressed by the district court.

Second, in his objections to defendants' motion for summary judgment, plaintiff argued that his claims should be analyzed under the Fourth Amendment, but did not move to amend the complaint. See Appellant's App. Vol. II at 183-84. Plaintiff's later request to amend his complaint was untimely. See Las

Vegas Ice & Cold Storage Co. v. Far West Bank, 893 F.2d 1182, 1185 (10th Cir. 1990) ("Untimeliness alone may be a sufficient basis for denial of leave to amend."); Diersen v. Chicago Car Exch., 110 F.3d 481, 489 (7th Cir.) (delay in presenting post-judgment amendment when moving party had opportunity to present amendment earlier is valid reason for refusal to permit amendment), cert. denied, 118 S. Ct. 178 (1997); cf. Franks v. Nimmo, 796 F.2d 1230, 1238 n.4 (10th Cir. 1986) (holding motion to amend complaint made two years after case was filed, after discovery was completed, and after partial summary judgment was granted was untimely).

Third, to the extent plaintiff's request to amend the complaint was based on his assertion that he did not have adequate time to conduct discovery, he previously had failed to file the required affidavit under Fed. R. Civ. P. 56(f) explaining why he could not respond to the summary judgment motion without discovery. See Committee for First Amend. v. Campbell, 962 F.2d 1517, 1522-23 (10th Cir. 1992). Because plaintiff failed "to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there [was] no abuse of discretion in granting summary judgment" since, as is discussed below, summary judgment was "otherwise appropriate." Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 832-33 (10th Cir. 1986).

Finally, in opposing the motion to reconsider and request for amendment, defendants argued, and plaintiff did not deny, that most discovery was completed before the district court ruled on the summary judgment motion, yet plaintiff did not move to file a supplemental response to the motion. See Appellant's App. Vol. IV at 521. Accordingly, we conclude the district court did not abuse its discretion in refusing permission to amend. See Viernow v. Euripides Dev. Corp., 157 F.3d 785, 800 (10th Cir. 1998); see also Cannon v. City & County of Denver, 998 F.2d 867, 879 (10th Cir. 1993) (denial of motion to amend after final judgment entered not abuse of discretion).

## II. EXCESSIVE FORCE

Plaintiff argues that the district court improperly analyzed his claims under a substantive due process standard rather than under the Fourth Amendment standard of objective reasonableness set forth in Graham v. Connor, 490 U.S. 386 (1989). This argument is without merit. The district court analyzed his claims under both standards.

Furthermore, plaintiff recognizes that the district court analyzed his claims under the Fourth Amendment because he argues that the district court erroneously concluded that no seizure occurred. Plaintiff contends that he was seized because he was precluded from leaving the church property due to an investigatory stop or seizure and brief detention.

Graham held that claims of "excessive force in the course of making an arrest, investigatory stop, or other 'seizure'" of a citizen "are properly analyzed under the Fourth Amendment's 'objective reasonableness' standard, rather than under a substantive due process standard." Graham, 490 U.S. at 388; see also id. at 395. "Not all police-citizen encounters[, however,] implicate the Fourth Amendment." Latta v. Keryte, 118 F.3d 693, 698 (10th Cir. 1997) (quotation omitted). "A 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority . . . in some way restrained the liberty of a citizen." Graham, 490 U.S. at 395 n.10 (quotation omitted). Thus, a person has been seized within the meaning of the Fourth Amendment only if, considering all of the circumstances, a reasonable person would have believed that he was not free to leave. See Latta, 118 F.3d at 698. A mere approach by an officer does not amount to a seizure of an individual implicating the Fourth Amendment. See id.

The following factors "could lead a reasonable innocent person" to believe that he is not free to leave: "the threatening presence of several officers; the brandishing of a weapon by an officer; some physical touching by an officer;" an officer's aggressive language or tone of voice indicating that the person must comply with the officer; "interaction in a non-public place;" and the "absence of other members of the public." See id. at 699 (quotation omitted). The overall

-10-

relevant inquiry is how a reasonable citizen in the plaintiff's position would have understood his situation.    See United States v. Pena  , 920 F.2d 1509, 1516 (10th Cir. 1990).

Under the circumstances of this case, we conclude a reasonable citizen would not believe his liberty had been restrained.  Although plaintiff alleges physical touching and verbal mandates by Officer Blair in a nonpublic place, the record in this case shows that plaintiff was free to leave at any time during the encounter with the officers.  The fact that he was able to step away from Officer Blair after Officer Blair had pinned him against the first car suggests that the alleged force was minimal at most.  Officer Blair's request that he leave also suggests that he was free to leave.  Contrary to plaintiff's belief, the facts viewed in the light most favorable to him do not establish either an investigatory stop or a seizure within the meaning of the Fourth Amendment.

Even assuming that plaintiff was seized, we do not agree with plaintiff that Officer Blair's use of force--even in light of plaintiff's allegations that he did not physically threaten or touch either officer and had committed no crime--was excessive and not objectively reasonable.    [3]  In applying the objective

---

[3]    Plaintiff argues that by granting summary judgment for the reasons stated in the defendants' briefs, the district court improperly granted summary judgment to Officer Blair based upon defendants' version of the facts.  According to plaintiff, the district court failed to take the record in the light most favorable to him.  We

(continued...)

-11-

reasonableness standard, the facts and circumstances of the case must be considered. See Graham, 490 U.S. at 396. Not every push or shove violates the Fourth Amendment. See id.

The facts and circumstances in this case show that the alleged force was objectively reasonable. The force was minimal and was not abusive, as indicated by the minimal physical injury alleged. Under the circumstances, this de minimis force is not "'repugnant to the conscience of mankind'" and therefore is not constitutionally prohibited. Goodman v. Town of Golden Beach, 988 F. Supp. 1450, 1457 (S.D. Fla. 1997) (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986), prison riot case alleging claim under Eighth Amendment).

Plaintiff insists that the district court erred in granting summary judgment even if Officer Blair's alleged excessive force conduct is viewed under the Fourteenth Amendment substantive due process standard. We assume, without deciding, that the substantive due process standard applies to claims of excessive force arising outside of the context of a seizure. See Latta, 118 F.3d at 701-02. See generally County of Sacramento v. Lewis, 118 S. Ct. 1708, 1714-16 (1998)

[3](...continued)
agree that the district court should not have granted summary judgment based on defendants' version of the facts and should have taken the record in the light most favorable to plaintiff. Even if the district court had done so, as we discuss, the district court still would have properly granted summary judgment in defendants' favor.

(where there is no seizure under Fourth Amendment, substantive due process standard applies); United States v. Lanier , 520 U.S. 259, 272 n.7 (1997) ( Graham requires that excessive force claim covered by specific constitutional provision, such as Fourth or Eighth Amendment, be analyzed under that amendment rather than substantive due process).

> Under the due process standard, the factors relevant to whether the use of force is excessive are: (1) the relationship between the amount of force used and the need presented; (2) the extent of the injury inflicted; and (3) the motives of the . . . officer. Force inspired by malice or by unwise, excessive zeal amounting to an abuse of official power that shocks the conscience . . . may be redressed by [the Fourteenth Amendment].

Latta , 118 F.3d at 702 (quotations and citation omitted).

The record, viewed in the light most favorable to plaintiff, does not reach this high threshold. See id.; see also Butler v. City of Norman , 992 F.2d 1053, 1054 (10th Cir. 1993) (substantive due process standard is more onerous than Fourth Amendment standard). The evidence does not present a genuine issue of material fact whether Officer Blair's conduct shocks the conscience. Although plaintiff alleged that he offered no force against Officer Blair and was not committing any crime, Officer Blair's pushing of plaintiff with his forearm and the bruise to plaintiff are not force sufficient to shock the conscience. Nothing indicates that the force was substantial. Rather, because plaintiff's injury was minimal, it is likely that the force also was minimal. See Hannula v. City of

-13-

Lakewood , 907 F.2d 129, 132 (10th Cir. 1990).  Plaintiff's deposition testimony,

as well as that of his wife and other supporters, that Officer Blair's words were

hostile, that he shook papers in plaintiff's face, and that he was shouting may be

probative of malice, but alone they do not establish malice.        See id.  There is no

other evidence in the record indicating that Officer Blair acted with malice toward

plaintiff, and, as we indicated above, Officer Blair's conduct was objectively

reasonable under the circumstances.  Accordingly, we conclude the district court

did not err in granting summary judgment on the substantive due process claim.

We hold that plaintiff has failed to establish that Officer Blair violated his

Fourth or Fourteenth Amendment rights by using excessive force.  The district

court correctly granted summary judgment in Officer Blair's favor on these

issues.

## III.  QUALIFIED IMMUNITY

We consider whether Officer Blair and Officer Holloway were entitled to

qualified immunity because they violated clearly established law.  Plaintiff

believes that it was clearly established at the time of the encounter that Officer

Blair could use force only if plaintiff confronted him with force.

Government officials are entitled to qualified immunity when their

"conduct does not violate clearly established statutory or constitutional rights of

which a reasonable person would have known."        Harlow v. Fitzgerald   , 457 U.S.

800, 818 (1982). To analyze a claim of qualified immunity, we use a two-part framework: "first we determine whether the plaintiff has asserted a violation of a constitutional or statutory right, and then we decide whether that right was clearly established such that a reasonable person in the defendant's position would have known that [his] conduct violated the right." Garramone v. Romo, 94 F.3d 1446, 1449 (10th Cir. 1996) (citing Siegert v. Gilley, 500 U.S. 226, 231 (1991)). If the plaintiff fails to show with particularity the facts and law establishing an inference that the defendants violated a constitutional right, see Walter v. Morton, 33 F.3d 1240, 1242 (10th Cir. 1994), this court need not reach the issue of whether the law was clearly established. See Gehl Group v. Koby, 63 F.3d 1528, 1533 (10th Cir. 1995).

Because plaintiff did not prove that Officer Blair violated any constitutional right, cf. Quezada v. County of Bernalillo, 944 F.2d 710, 718 (10th Cir. 1991) (using excessive force establishes both constitutional violation and absence of qualified immunity), we need not reach the second issue of whether the law was clearly established. Accordingly, we conclude that Officer Blair is entitled to qualified immunity, and the district court correctly granted summary judgment on this issue.

With respect to Officer Holloway, plaintiff believes that it was clearly established that his failure to intervene was a constitutional violation. Our

-15-

conclusion that Officer Blair did not use excessive force forecloses any claim that plaintiff may have that Officer Holloway could be liable for failing to intervene on plaintiff's behalf.    See Mick v. Brewer , 76 F.3d, 1127, 1136 (10th Cir. 1996) ("a law enforcement official who fails to intervene to prevent another law enforcement official's use of excessive force may be liable under § 1983"). We conclude the district court correctly granted summary judgment to Officer Holloway on the qualified immunity issue.

IV.  FAILURE TO TRAIN AND SUPERVISE

The final issue is did the district court err in granting summary judgment in favor of the City and Police Chief Jones considering plaintiff's contention that there was a constitutional violation and evidence of a policy or custom of violating a citizen's constitutional rights and of failure to train.  "A plaintiff suing a municipality under section 1983 for the acts of one of its employees must prove: (1) that a municipal employee committed a constitutional violation, and (2) that a municipal policy or custom was the moving force behind the constitutional deprivation."   Myers , 151 F.3d at 1316;   see Allen , 119 F.3d at 841-42;   see also Webber v. Mefford  , 43 F.3d 1340, 1344-45 (10th Cir. 1994) (claims of inadequate training, supervision, and policies "cannot be made out against a supervisory authority absent a finding of a constitutional violation by the person supervised").

Our conclusion that the use of force was not excessive and therefore no constitutional violation occurred stands. Even if the force was unreasonable or conscience shocking, plaintiff failed to set forth any facts establishing either a

custom of inadequate training or supervision.  We do not fault the district court's grant of summary judgment in favor of the City and Police Chief Jones.

AFFIRMED.


Entered for the Court


Carlos F. Lucero
Circuit Judge